IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/18/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

NOEL HERNANDEZ HERNANDEZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MATTHEW G. PUTRA, Acting Field Office Director, ICE;
TODD M. LYONS, Acting Director, ICE;
MARKWAYNE MULLIN, Secretary, DHS; and
TODD BLANCHE, Acting Attorney General,

Respondents.

Case No. 26-3260-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenged his detention by immigration officials without a bond hearing. For the reasons set forth below, the case is **dismissed as moot**.

As alleged in the petition, on July 8, 2026, an immigration judge (IJ) denied petitioner a bond hearing for lack of jurisdiction, based on petitioner's mandatory detention under 8 U.S.C. § 1225(b)(2). Petitioner then filed this action, in which he challenged his detention under Section 1225(b)(2) and argued that he should be deemed detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond. In response, the Government has provided evidence that on August 5, 2026, an IJ conducted a bond hearing

on the merits and ordered petitioner's release on bond, subject to certain conditions of supervision. The Government thus argues that petitioner's claim for entitlement to a bond hearing is therefore moot.[1]

The Court agrees and rejects petitioner's arguments to the contrary. Petitioner cites *Nielsen v. Preap*, 586 U.S. 392 (2019), in which the Supreme Court concluded that a case was not moot because an alien plaintiff who had been granted release on bond faced a threat of re-arrest and mandatory detention. *See id.*at 403. *Nielsen* is distinguishable, however, as in that case the release had followed a preliminary injunction that could be (and actually was) dissolved. *See id.* In this case, the immigration court was not forced to grant petitioner the bond hearing. Petitioner insists that his bond could be revoked and he could be subjected to mandatory detention "tomorrow". In such cases as this, however, in which aliens have challenged detention under Section 1225(b)(2), the Court has merely ordered a bond hearing, without prohibiting the imposition of ordinary terms of supervision on release, and without enjoining re-detention – and thus petitioner in the present case has already received all of the relief to which he would be entitled. This Court has not been made aware of any such practice of immediate re-detention by the Government in such cases. Moreover, the Government has now effectively represented that petitioner's detention was governed by Section 1226(a). Petitioner has not shown a likelihood that he

[1] The Government notes that petitioner also requested his outright release in the petition, but this Court has declined to grant such relief on claims challenging mandatory detention under Section 1225(b)(2). Moreover, petitioner has not claimed in his reply brief that he is entitled to such relief despite the grant of release on bond, and the Court thus considers any such claim to have been abandoned.

will be re-detained arbitrarily and improperly subjected to mandatory detention under Section 1225(b)(2); and if that does happen despite the Government's position in this case, the matter may be addressed in a new habeas case on expedited review. Because petitioner has received the relief that he requested and to which he would have been entitled, the case is now moot, and the Court therefore dismisses the petition.

IT IS THEREFORE ORDERED BY THE COURT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **dismissed as moot**.

IT IS SO ORDERED.

Dated this 18th day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge